# United States Bankruptcy Court
## Northern District of California

In re    **Jeffrey Andrew Baird** _____,

Debtor

Case No. _____**09-52174**_____

Chapter _____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 600,000.00 | | |
| B - Personal Property | Yes | 4 | 134,140.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 1,210,975.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 5,650.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 206,514.10 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 15,600.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 23,300.00 |
| Total Number of Sheets of ALL Schedules | | 18 | | | |
| Total Assets | | | 734,140.00 | | |
| Total Liabilities | | | | 1,423,139.10 | |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of California

In re    **Jeffrey Andrew Baird** _____ ,     Case No. ____**09-52174**____

Debtor

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 5,650.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 5,650.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 15,600.00 |
| Average Expenses (from Schedule J, Line 18) | 23,300.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 9,484.17 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 505,335.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 5,650.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 206,514.10 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 711,849.10 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

In re **Jeffrey Andrew Baird**                                                    , Case No. **09-52174**
                                                                                   Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **322 Arthur Ave. Aptos, CA9** | **fee** | - | **600,000.00** | **903,926.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **600,000.00** | (Total of this page) |
| Total > | **600,000.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                              Best Case Bankruptcy

In re   **Jeffrey Andrew Baird**                         ,    Case No.    **09-52174**

                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | | **Cash on hand** | - | **500.00** |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bay Federal C.U. - checking** | - | **1,100.00** |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | | **Security deposit for 248 Moosehead, Aptos, CA.** | - | **2,000.00** |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods** | - | **1,500.00** |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books** | - | **200.00** |
| 6.   Wearing apparel. | | **Clothing** | - | **50.00** |
| 7.   Furs and jewelry. | X | | | |
| 8.   Firearms and sports, photographic, and other hobby equipment. | | **hobby equipment** | - | **150.00** |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.   Annuities. Itemize and name each issuer. | X | | | |

                                                                    Sub-Total >      **5,500.00**
                                                       (Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

In re    **Jeffrey Andrew Baird**                                                    ,    Case No.    **09-52174**
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          **0.00**
(Total of this page)

Sheet    **1**    of    **3**    continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

In re     **Jeffrey Andrew Baird**                                    ,        Case No.     **09-52174**
_____                              _____
                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 Ford Excursion | - | 12,000.00 |
| | | 2002 Toyota Sequoia 115,000 miles. Fair condition (scratched paint across driver's door; dents on passenger rearwell; engine trouble; transmission trouble; fair amount of wear and tear) | - | 7,310.00 |
| | | 2006 Toyota Highlander (120,000 miles) Highlander limited (fair condition-several dents in bumper and hatchback door; side rearview mirror cracked off; crack in front windshield; extensive wear and tear) | - | 18,330.00 |
| 26. Boats, motors, and accessories. | | 2- 2003 Honda Wave runners | - | 6,000.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Arcade game equipment | - | 85,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

Sub-Total >        128,640.00
(Total of this page)

Sheet  __2__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   **Jeffrey Andrew Baird**               ,     Case No.   **09-52174**

                                  Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | | |
|---|---|---|
| Sub-Total > | | **0.00** |
| (Total of this page) | | |
| Total > | | **134,140.00** |

Sheet  **3**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Case: 09-52174   Doc# 6   Filed: 03/31/09   Entered: 03/31/09 10:35:53   Page 7 of 36

In re  **Jeffrey Andrew Baird**
_____,   Case No. _____**09-52174**_____
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
☑ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on hand | C.C.P. § 703.140(b)(5) | 500.00 | 500.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Bay Federal C.U. - checking | C.C.P. § 703.140(b)(5) | 1,100.00 | 1,100.00 |
| **Security Deposits with Utilities, Landlords, and Others** | | | |
| Security deposit for 248 Moosehead, Aptos, CA. | C.C.P. § 703.140(b)(5) | 2,000.00 | 2,000.00 |
| **Household Goods and Furnishings** | | | |
| Household goods | C.C.P. § 703.140(b)(3) | 1,500.00 | 1,500.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Books | C.C.P. § 703.140(b)(3) | 200.00 | 200.00 |
| **Wearing Apparel** | | | |
| Clothing | C.C.P. § 703.140(b)(3) | 50.00 | 50.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| hobby equipment | C.C.P. § 703.140(b)(3) | 150.00 | 150.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2005 Ford Excursion** | C.C.P. § 703.140(b)(2) | 3,300.00 | 12,000.00 |
| | C.C.P. § 703.140(b)(6) | 2,075.00 | |
| | C.C.P. § 703.140(b)(5) | 6,625.00 | |

| | Total: | 17,500.00 | 17,500.00 |
|---|---|---|---|

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case: 09-52174   Doc# 6   Filed: 03/31/09   Entered: 03/31/09 10:35:53   Page 8 of 36

In re **Jeffrey Andrew Baird**      Case No. **09-52174**

                   Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **105489223**<br><br>**ACG Equipment Finance LLC**<br>PO Box 790448<br>Saint Louis, MO 63179-0448 | | - | secured by equipment<br><br>equipment<br><br>Value $     **15,000.00** | | | | 55,000.00 | 40,000.00 |
| Account No. **21601**<br><br>**Firestone Financial Corp.**<br>PO Box 610325<br>Newton Highlands, MA 02461-0325 | | - | secured by equipment<br><br>equipment<br><br>Value $     **25,000.00** | | | | 60,000.00 | 35,000.00 |
| Account No. **210076601**<br><br>**First Bank**<br>Pob 1145<br>Richmond, IN 47375 | | - | Opened  8/15/06  Last Active 12/01/08<br><br>secured by arcade equipment<br><br>Value $     **5,000.00** | | | | 28,698.00 | 23,698.00 |
| Account No. **802754**<br><br>**LEAF**<br>PO Box 644006<br>Cincinnati, OH 45264-4006 | | - | secured by equipment<br><br>equipment<br><br>Value $     **5,000.00** | | | | 10,000.00 | 5,000.00 |
| **_2_** continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | 153,698.00 | 103,698.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                  Best Case Bankruptcy

In re   __Jeffrey Andrew Baird_____,   Case No. ___**09-52174**_____

Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **802744** <br><br> **LEAF** <br> **PO Box 644006** <br> **Cincinnati, OH 45264-4006** | - | | secured by equipment <br><br> equipment <br><br> Value $ **5,000.00** | | | | **20,000.00** | **15,000.00** |
| Account No. **1005434** <br><br> **Pinnacle Business Finance Inc.** <br> **PO Box 1817** <br> **Tacoma, WA 98404** | - | | secured by equipment <br><br> equipment <br><br> Value $ **25,000.00** | | | | **90,000.00** | **65,000.00** |
| Account No. **70400364007580001** <br><br> **Toyota Mtr** <br> **Pob 5023** <br> **San Roman, CA 94583** | - | | Opened  6/08/06  Last Active  1/19/09 <br><br> 2006 Toyota Highlander <br><br> Value $ **18,330.00** | | | | **24,022.00** | **5,692.00** |
| Account No. **70400363847310001** <br><br> **Toyota Mtr** <br> **Pob 5023** <br> **San Roman, CA 94583** | - | | Opened  1/10/06  Last Active  9/10/08 <br> 2002 Toyota Sequoia <br> 115,000 miles. <br> Fair condition (scratched paint across driver's door; dents on passenger rearwell; engine trouble; transmission trouble; fair amount of wear and tear) <br> Value $ **7,310.00** | | | | **19,329.00** | **12,019.00** |
| Account No. **1560701848814** <br><br> **Wshngtn Mutl** <br> **7757 Bayberry Rd** <br> **Jacksonville, FL 32256** | - | | Opened  9/14/05  Last Active  2/01/08 <br><br> 1st d.o.t. <br><br> 322 Arthur Ave. <br> Aptos, CA9 <br> Value $ **600,000.00** | | | | **720,398.00** | **120,398.00** |

Sheet ___**1**___ of ___**2**___ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| **873,749.00** | **218,109.00** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

In re **Jeffrey Andrew Baird** , Case No. **09-52174**
                           Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. **9085304209967** | | | | | Opened 2/06/07 Last Active 8/01/07 | | | | | |
| **Wshngtn Mutl** **7757 Bayberry Rd** **Jacksonville, FL 32256** | - | | | | **2nd d.o.t.** **322 Arthur Ave.** **Aptos, CA9** | | | | | |
| | | | | | Value $ **600,000.00** | | | | **183,528.00** | **183,528.00** |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | **183,528.00** | **183,528.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **1,210,975.00** | **505,335.00** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037
Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

In re   **Jeffrey Andrew Baird**                                 ,    Case No.    **09-52174**

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

---

    * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1 continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                 Best Case Bankruptcy

In re __Jeffrey Andrew Baird_____ ,  Case No. ___09-52174_____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | 2007 1040 | | | | | | |
| **Internal Revenue Service** **P.O. Box 21125** **Philadelphia, PA 19114-0325** | - | | | | | | | 0.00 | |
| | | | | | | | 5,650.00 | | 5,650.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet __1___ of __1___ continuation sheets attached to  
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal | 0.00 | |
|---|---|---|---|
| | (Total of this page) | 5,650.00 | 5,650.00 |
| | Total | 0.00 | |
| | (Report on Summary of Schedules) | 5,650.00 | 5,650.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re  **Jeffrey Andrew Baird**                                                                    ,  Case No.  **09-52174**
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No. **3715-764839-02003**<br><br>**American Express**<br>**Box 0001**<br>**Los Angeles, CA 90096-0001** | | - | | | credit card | | | | **5,000.00** |
| Account No. **12666373**<br><br>**Cba**<br>**25954 Eden Landing**<br>**Hayward, CA 94541** | | - | | | Opened 12/10/08  Last Active  9/01/08<br>Collection 10 At T California | | | | **503.00** |
| Account No. **4246-3151-3098-3065**<br><br>**Chase**<br>**PO Box 94014**<br>**Palatine, IL 60094-4014** | | - | | | credit card | | | | **25,642.20** |
| Account No. **5401-6830-1932-3879**<br><br>**Chase**<br>**PO Box 94014**<br>**Palatine, IL 60094-4014** | | - | | | credit card | | | | **7,550.90** |

|  |  |
|---|---|
| __2__  continuation sheets attached | Subtotal<br>(Total of this page)    **38,696.10** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                       S/N:30755-090310   Best Case Bankruptcy

In re __Jeffrey Andrew Baird__ , Case No. __09-52174__

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. 2613634 <br><br> **Credit Const** <br> **201 John St #E** <br> **Salinas, CA 93901** | | - | | Opened 5/01/08 Last Active 3/01/08 <br> Collection 10 Soquel Creek Wate | | | | 208.00 |
| Account No. 601100090080 <br><br> **Discover Fin** <br> **Pob 15316** <br> **Wilmington, DE 19850** | | - | | Opened 8/01/03 Last Active 11/08/07 <br> CreditCard | | | | 7,286.00 |
| Account No. 6250760000703071 <br><br> **Pacific Credit Service** <br> **1205 Freedom Blvd** <br> **Watsonville, CA 95076** | | - | | Opened 9/01/08 Last Active 9/01/07 <br> CollectionAttorney Dr James L Greenwood | | | | 32.00 |
| Account No. 9081149560 <br><br> **Verizon** <br> **Natinal Recovery D** <br> **Folsom, CA 95630** | | - | | Opened 9/04/97 Last Active 5/01/08 <br> Other Utility Company | | | | 693.00 |
| Account No. 1001000000000767445364 <br><br> **Washington Mutual Bank** <br> **3990 S Babcock St** <br> **Melbourne, FL 32901** | | - | | Opened 2/01/07 Last Active 1/01/08 <br> sold out junior lien (property at 427 Sumner Ave, aptos, CA. was foreclosed) | | | | 142,627.00 |

Sheet no. __1__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) — 150,846.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re   **Jeffrey Andrew Baird**                                    ,    Case No.   **09-52174**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W | J C | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. **66266256821690001** <br><br> **Wells Fargo** <br> **P O Box 10438** <br> **Des Moines, IA 50306** | | - | | **Opened  3/17/06  Last Active  9/01/08** <br> **For 2005 Ford Excursion but no perfected** <br> **security interest** | | | | **16,972.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | | **16,972.00** |
| Total <br> (Report on Summary of Schedules) | | **206,514.10** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    **Jeffrey Andrew Baird**                    ,    Case No.    **09-52174**

                                   Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |

0

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                         Best Case Bankruptcy

Original (09-52174) Doc# 1 Filed 03/31/09 Entered 03/31/09 10:35:53

In re   **Jeffrey Andrew Baird**                 ,   Case No.   **09-52174**

Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

In re  **Jeffrey Andrew Baird**                                                    Case No.  **09-52174**
                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**son** | AGE(S):<br>**4** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **self employed - Amusement arcade** | |
| Name of Employer | **Maui Enterprizes** | **Homemaker** |
| How long employed | **14 yrs.** | |
| Address of Employer | **7960 B Soquel Dr., Apt. 114**<br>**Aptos, CA 95003** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | 0.00 |
| b. Insurance | $ | 0.00 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify): | $ | 0.00 | $ | 0.00 |
|  | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 15,600.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
|  | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
|  | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 15,600.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 15,600.00 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | 15,600.00 |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In re  **Jeffrey Andrew Baird**                                    Case No.  **09-52174**
_____                    _____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 2,300.00 |
| a. Are real estate taxes included? | Yes ___ | No **X** | |
| b. Is property insurance included? | Yes ___ | No **X** | |
| 2. Utilities: a. Electricity and heating fuel | | $ | 300.00 |
| b. Water and sewer | | $ | 60.00 |
| c. Telephone | | $ | 250.00 |
| d. Other | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 50.00 |
| 4. Food | | $ | 400.00 |
| 5. Clothing | | $ | 30.00 |
| 6. Laundry and dry cleaning | | $ | 100.00 |
| 7. Medical and dental expenses | | $ | 100.00 |
| 8. Transportation (not including car payments) | | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 150.00 |
| 10. Charitable contributions | | $ | 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 60.00 |
| d. Auto | | $ | 350.00 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 0.00 |
| b. Other | | $ | 0.00 |
| c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 18,900.00 |
| 17. Other | | $ | 0.00 |
| Other | | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | 23,300.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
_____

| | | | |
|---|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | | |
| a.   Average monthly income from Line 15 of Schedule I | | $ | 15,600.00 |
| b.   Average monthly expenses from Line 18 above | | $ | 23,300.00 |
| c.   Monthly net income (a. minus b.) | | $ | -7,700.00 |

# United States Bankruptcy Court
## Northern District of California

In re    **Jeffrey Andrew Baird**             Case No.    **09-52174**

                                 Debtor(s)        Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **20** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **March 31, 2009**                  Signature    **/s/ Jeffrey Andrew Baird**

                                                      **Jeffrey Andrew Baird**

                                                      Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of California

In re  **Jeffrey Andrew Baird**                                      Case No.  **09-52174**
_____
                          Debtor(s)                    Chapter  **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$20,437.00** | **2009 income through February 2009** |
| **$41,000.00** | **2008 income** |
| **$15,870.00** | **2007 income** |

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Washington Mutual** | **???** | **WHAT WAS REPO'D?** |

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Offices of Michael K. Mehr**<br>**100 Doyle Street, Suite A**<br>**Santa Cruz, CA 95062** | | **$2,500** |

**10. Other transfers**

None ■
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ■
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None ☐
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **Wells Fargo Bank** | **checking fin bal -0-** | **-0- amt. closed 2008** |

**12. Safe deposit boxes**

None ■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None ■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None ■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                    NAME USED                                    DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Corina Baird**

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Maui Enterprizes** | **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** | **7960 B Soquel Dr. Apt. 116 Aptos, CA 95003** | **Amusement arcade route** | **2/10/95-present** |

None
■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                  ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                      DATES SERVICES RENDERED
**Jeff Baird**                                          **2/10/95-present**
**7960 B Soquel Dr. Apt. 116**
**Aptos, CA 95003**

None
■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None
☐
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                  ADDRESS
**Jeff Baird**                                          **7960 B Soquel Dr. Apt. 116**
                                                      **Aptos, CA 95003**

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                DATE ISSUED

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                                      DOLLAR AMOUNT OF INVENTORY

DATE OF INVENTORY            INVENTORY SUPERVISOR            (Specify cost, market or other basis)

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

                                             NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY

DATE OF INVENTORY                                     RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                          NATURE OF INTEREST                 PERCENTAGE OF INTEREST

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                               NATURE AND PERCENTAGE

NAME AND ADDRESS                           TITLE                             OF STOCK OWNERSHIP

### 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                                ADDRESS                               DATE OF WITHDRAWAL

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                          TITLE                             DATE OF TERMINATION

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                                       AMOUNT OF MONEY
OF RECIPIENT,                                DATE AND PURPOSE                  OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR                       OF WITHDRAWAL                    VALUE OF PROPERTY

### 24. Tax Consolidation Group.

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                 TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND
TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **March 31, 2009**                          Signature   **/s/ Jeffrey Andrew Baird**

                                                               **Jeffrey Andrew Baird**
                                                               Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Northern District of California

In re  **Jeffrey Andrew Baird**                                    Case No.   **09-52174**
_____                           Chapter   **7**
                          Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**ACG Equipment Finance LLC** | **Describe Property Securing Debt:**<br>equipment |

Property will be (check one):
- ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain  __continue to pay__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Firestone Financial Corp.** | **Describe Property Securing Debt:**<br>equipment |

Property will be (check one):
- ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain  __continue to pay__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**First Bank** | **Describe Property Securing Debt:**<br><br>**secured by arcade equipment** |

Property will be (check one):
- ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain **continue to pay**  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**LEAF** | **Describe Property Securing Debt:**<br>**equipment** |

Property will be (check one):
- ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain **continue to pay**  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

| Property No. 5 | |
|---|---|
| **Creditor's Name:**<br>**LEAF** | **Describe Property Securing Debt:**<br>**equipment** |

Property will be (check one):
- ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain **continue to pay**  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

| Property No. 6 | |
|---|---|
| **Creditor's Name:**<br>**Pinnacle Business Finance Inc.** | **Describe Property Securing Debt:**<br>equipment |

Property will be (check one):
   ☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ■ Other.  Explain  __continue to pay__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ■ Claimed as Exempt        ☐ Not claimed as exempt

| Property No. 7 | |
|---|---|
| **Creditor's Name:**<br>**Toyota Mtr** | **Describe Property Securing Debt:**<br>**2006 Toyota Highlander** |

Property will be (check one):
   ☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ■ Other.  Explain  __continue to pay__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ■ Claimed as Exempt        ☐ Not claimed as exempt

| Property No. 8 | |
|---|---|
| **Creditor's Name:**<br>**Toyota Mtr** | **Describe Property Securing Debt:**<br>**2002 Toyota Sequoia**<br>**115,000 miles.**<br>**Fair condition (scratched paint across driver's door; dents on passenger rearwell; engine trouble; transmission trouble; fair amount of wear and tear)** |

Property will be (check one):
   ☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ■ Other.  Explain  __continue to pay__  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ■ Claimed as Exempt        ☐ Not claimed as exempt

| Property No. 9 | |
|---|---|
| **Creditor's Name:**<br>**Wshngtn Mutl** | **Describe Property Securing Debt:**<br>**322 Arthur Ave.**<br>**Aptos, CA9** |

Property will be (check one):
■ Surrendered        □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt        □ Not claimed as exempt

| Property No. 10 | |
|---|---|
| **Creditor's Name:**<br>**Wshngtn Mutl** | **Describe Property Securing Debt:**<br>**322 Arthur Ave.**<br>**Aptos, CA9** |

Property will be (check one):
■ Surrendered        □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt        □ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>□ YES      □ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   __**March 31, 2009**__        Signature   __*/s/ Jeffrey Andrew Baird*__
                                                 **Jeffrey Andrew Baird**
                                                 Debtor

# United States Bankruptcy Court
## Northern District of California

In re  **Jeffrey Andrew Baird**  _____  Case No.  **09-52174**  _____
_____  Debtor(s)  Chapter  **7**  _____

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in connection with this case...........................................................  $  **2,500.00**
    b)  Prior to the filing of this statement, debtor(s) have paid..........................  $  **2,500.00**
    c)  The unpaid balance due and payable is.........................................  $  **0.00**

3.  $  **299.00**  of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a.  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
    b.  Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
    c.  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows: **We hire another bankruptcy attorney August Bullock to appear with you at meetings of creditors for $50-$125. This fee is already included in the initial fees charged in your case.**

Dated:  **March 31, 2009**  _____

Respectfully submitted,

**/s/ /s/Michael K Mehr**
_____
Attorney for Debtor: **/s/Michael K Mehr 071925**
**Law Offices of Michael K. Mehr**
**100 Doyle Street, Suite A**
**Santa Cruz, CA 95062**
**831-425-5757  Fax: 831-425-0515**
**mmehr51@aol.com**

Case: 09-52174    Doc# 6    Filed: 03/31/09    Entered: 03/31/09 10:35:53    Page 34 of 36

<h1 style="text-align:center">UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF CALIFORNIA</h1>

<h2 style="text-align:center">NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)<br>OF THE BANKRUPTCY CODE</h2>

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

Case: 09-52174    Doc# 6    Filed: 03/31/09    Entered: 03/31/09 10:35:53    Page 35 of 36

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## <u>Chapter 11</u>: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## <u>Chapter 12</u>: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. <u>Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials</u>

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney
I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| /s/Michael K Mehr 071925 | X /s/ /s/Michael K Mehr | March 31, 2009 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**100 Doyle Street, Suite A**
**Santa Cruz, CA 95062**
**831-425-5757**
**mmehr51@aol.com**

### Certificate of Debtor
I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Jeffrey Andrew Baird | X /s/ Jeffrey Andrew Baird | March 31, 2009 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known)  **09-52174** | X | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

Case: 09-52174   Doc# 6   Filed: 03/31/09   Entered: 03/31/09 10:35:53   Page 36 of 36